**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAWN N. ROLLE, | Civil Action No. 12-7926 (NLH) |
| Petitioner, | |
| v. | **OPINION** |
| JORDAN R. HOLLINGSWORTH, | |
| Respondent. | |

**APPEARANCES**:

    SHAWN N. ROLLE, #72753-004
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, NJ  08640

**HILLMAN, District Judge**:

    Shawn N. Rolle filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed by judgment filed October 31, 2007, by Judge Daniel T.K. Hurley in the United States District Court for the Southern District of Florida.  *See United States v.* Rolle, Crim. 07-80062-DTKH-1 judgment (S.D. Fla. Oct. 31, 2007).  Having thoroughly reviewed the Petition, as well as the docket in the underlying criminal proceeding, this Court will summarily dismiss the Petition for lack of jurisdiction under 28 U.S.C. 2241.

## I.  BACKGROUND

On April 4, 2007, the United States filed a criminal complaint against Shawn Rolle alleging that on April 3, 2007, he knowingly conspired to import a controlled substance into the United States in violation of 28 U.S.C. §§ 963, 960(b)(1)(B).  *See United States v. Rolle*, Crim. No. 07-80062-DTKH-1 complaint (S.D. Fla. Apr. 4. 2007).[1]  On July 11, 2007, Shawn Rolle pled guilty to attempting to import at least five kilograms of cocaine into the United States, contrary to 21 U.S.C. §§ 952(a), 960(b)(1)(B), and 963, and knowingly failing to obey the order of Marine Enforcement Officers to heave the vessel, in violation of 18 U.S.C. § 2237(a)(1).  *See United States v. Rolle*, Crim. No. 07-80062-DTKH-1 superseding information (S.D. Fla. July 2, 2007).  By judgment filed October 31, 2007, Judge Hurley sentenced Rolle to an aggregate 210 term of imprisonment and

---

[1] In the affidavit of probable cause, John McNair, Special Agent for the Department of Homeland Security, stated that on April 3, 2007, Marine Enforcement Officers on routine patrol approximately eight nautical miles offshore from Florida observed a motor boat with a Florida registration of FL2991MM approaching the United States.  *See United States v. Rolle*, Crim. 07-80062-DTKH-1 affidavit (S.D. Fla. Apr. 4, 2007).  When the officers attempted to stop the boat for a customs boarding, the operator, later identified as Shawn Rolle, accelerated the ship and turned it 180 degrees onto a course in a direction of Grand Bahama Island.  *Id.*  After chasing the vessel for just over an hour, officers jumped onto the boat, physically restrained Rolle, and located several duffel bags containing an estimated 100 kilograms of a substance that field tested positive for cocaine and 1000 grams of a substance that field tested positive for heroin.  *Id.*

five years of supervised release. *Id.* judgment (S.D. Fla. Oct. 31, 2007). Rolle filed neither a direct appeal nor a motion to vacate the sentence pursuant to 28 U.S.C. 2255.

On December 20, 2012, Rolle, who is incarcerated at FCI Fort Dix in New Jersey, signed his § 2241 Petition. He challenges his sentence on two grounds: "New 11th Circuit law - No Jurisdiction to Arrest and Detain," and "Illegal[ly] Incarcerated, No Jurisdiction to Impose a Prison Sentence." (Petition, ECF No. 1 at 3.) In an attached memorandum of law, Rolle states that the United States Coast Guard illegally seized him on April 3, 2007, from territorial waters 12 miles from the Bahamas, and prosecuted him under the Maritime Drug Law Enforcement Act, 46 USC. App. § 1901 *et seq*. (Mem., ECF No. 1 at 8.) Relying on *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), Rolle contends that the sentencing court lacked jurisdiction to impose the sentence, "[t]he act for which Petitioner was convicted is no longer considered to be a crime, and he cannot raise this issue in a § 2255 motion." (Mem., ECF No. 1 at 6.) He seeks a writ of habeas corpus vacating his criminal judgment or an evidentiary hearing. *Id.* at 13.

On January 4, 2013, this Court administratively terminated the case because Rolle had not paid the $5 filing fee or applied to proceed *in forma pauperis*. On January 14, 2013, Rolle paid the filing fee.

3

### III.  DISCUSSION

Section 2241 of Title 28 of the United States Code provides that the writ of habeas corpus shall not extend to a prisoner unless he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Nevertheless, a challenge to the validity of a federal conviction or sentence must generally be brought under 28 U.S.C. § 2255.  *See Davis v. United States*, 417 U.S. 333 (1974); *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002).  This is because 28 U.S.C. § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy by motion under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention."  See 28 U.S.C. § 2255(e); *see Cradle v. U.S. ex rel. Miner*, 290 F.3d 536 (3d Cir. 2002); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997); *Millan-Diaz v. Parker*, 444 F.2d 95 (3d Cir. 1971); *Application of Galante*, 437 F.2d 1164 (3d Cir. 1971) (*per curiam*); *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, only where the petitioner demonstrates that he "had no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application."  *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir.

2002) (citing *Dorsainvil*, 119 F.3d at 251). For example, in *Dorsainvil*, the Third Circuit held that § 2255 was inadequate or ineffective for Dorsainvil's claim that he was imprisoned for conduct that the Supreme Court ruled in *Bailey v. United States*, 516 U.S. 137 (1995), was not a crime, where the Supreme Court issued *Bailey* after Dorsainvil's § 2255 motion was denied on the merits and the Third Circuit had determined that Dorsainvil could not meet either of the gatekeeping requirements under 28 U.S.C. § 2255(h) to authorize the filing of a second or successive § 2255 motion. *See Dorsainvil*, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent").

In this Petition, Rolle claims that he is imprisoned for conduct that the Eleventh Circuit (the circuit wherein he was convicted) deemed non-criminal in *Bellaizac-Hurtado*. *Bellaizac-Hurtado* involved the direct appeal of convictions for conspiracy to possess with intent to distribute five kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States, contrary to the Maritime Drug Law Enforcement Act, 46 U.S.C. §§ 70503(a), 70506, 21 U.S.C. § 960(b)(1)(B). The case presented the novel issue of "whether the Maritime Drug Law Enforcement Act, 46 U.S.C. §§

5

70503(a), 70506, exceeds the power of Congress to 'define and punish ... Offences against the Law of Nations,' U.S. Const. Art. I, § 8, cl. 10,  as applied to the drug-trafficking activities of [defendants] in the territorial waters of Panama."  *Id.*, 700 F.3d at 1247.  The Eleventh Circuit vacated the convictions on the ground that Congress could not constitutionally proscribe drug trafficking in the territorial waters of another nation.[2]  *Id.* at 1249.

But the holding of *Bellaizac-Hurtado* does not make Rolle's conduct non-criminal because Rolle was not convicted of violating the Maritime Drug Law Enforcement Act.  Rather, Rolle was convicted of attempting to import at least five kilograms of cocaine into the United States, in violation of the Federal Controlled Substances Import and Export Act, 21 U.S.C. §§ 952(a), 963, and 960(b)(1)(B).[3]

---

[2] The United States had argued that the Maritime Drug Law Enforcement Act, as applied to defendants who were drug trafficking in the territorial waters of another nation, is a constitutional exercise of the power granted to Congress "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const., Art. I, §8, cl.10. *See Bellaizac-Hurtado*, 700 F.3d at 1248.

[3] Presumably, Rolle was not charged or convicted under the Maritime Drug Law Enforcement Act because he was operating a boat carrying drugs eight miles off the coast of Florida, within the territorial waters of the United States, and the boat was registered in Florida. *See Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 441 n.8 (1989) ("On December 28, 1988, the President announced that the United States would henceforth recognize a territorial sea of 12 nautical miles"); *United States v. Rosero*, 42 F.3d 166, 171 (3d Cir. 1994) (under international law, a ship has the nationality of the state that registered it and whose flag it is entitled to fly).

Because Rolle has not shown that he "had no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application," *Okereke*, 307 F.3d at 120, § 2255 is not an inadequate or ineffective remedy for his claim, and this Court will dismiss the § 2241 Petition for lack of jurisdiction.

### III.  CONCLUSION

This Court dismisses the Petition for lack of jurisdiction.


                              s/Noel L. Hillman
                              **NOEL L. HILLMAN, U.S.D.J.**

DATED:     June 7   , 2013

At Camden, New Jersey